UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

VICTORIA FRIGNANI,                                    Docket No.

                              Plaintiff,

                                                      **COMPLAINT**
              -against-
                                                      **JURY TRIAL DEMANDED**

DA CIRO BROOKLYN, LLC and CIRO VERDE,
JOSE PARRA and FRANCO BERARDUCCI, as
individuals,

                              Defendants.

-----------------------------------------------------------X

      Plaintiff, VICTORIA FRIGNANI, (herein referred to as "Plaintiff"), by her attorneys at

Goldman & Associates, LLP, alleges, upon personal knowledge as to herself and upon

information and belief as to other matters, as follows:


### PRELIMINARY STATEMENT

1.     Plaintiff, Victoria Frignani, through undersigned counsel, bring this action against DA

     CIRO BROOKLYN, LLC and CIRO VERDE, JOSE PARRA and FRANCO

     BERARDUCCI, as individuals, (hereinafter referred to as "Defendants"), to recover

     damages for violations of state and federal wage and hour laws arising out of Plaintiff's

     employment at DA CIRO BROOKLYN, LLC located at 458 Myrtle Avenue, Brooklyn,

     New York 11205.

2.     As a result of the violations of Federal and New York State labor laws delineated below,

     Plaintiff seeks compensatory damages and liquidated damages in the amount exceeding

$300,000.00 Plaintiff also seeks interest, attorneys' fees, costs and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because at least one defendant resides in this district.

6.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## THE PARTIES

7.  Plaintiff VICTORIA FRIGNANI was employed by Defendants at DA CIRO BROOKLYN, LLC from in or around October 2015 until in or around November 2017.

8.  Upon information and belief, Defendant, DA CIRO BROOKLYN, LLC, is an LLC organized under the laws of New York with the principal executive office at 458 Myrtle Avenue, Brooklyn, New York 11205.

9.  Upon information and belief, Defendant, DA CIRO BROOKLYN, LLC is a limited liability corporation authorized to do business under the laws of New York.

10. Upon information and belief, Defendant, FRANCO BERARDUCCI owns and/or operates DA CIRO BROOKLYN, LLC.

11. Upon information and belief, Defendant, JOSE PARRA owns and/or operates DA CIRO BROOKLYN, LLC

12. Upon information and belief, Defendant CIRO VERDE is the Chairman of the Board of DA CIRO BROOKLYN, LLC.

13. Upon information and belief, Defendant CIRO VERDE is Chief Executive Officer of DA CIRO BROOKLYN, LLC.

14. Upon information and belief, Defendant CIRO VERDE is an agent of DA CIRO BROOKLYN, LLC.

15. Upon information and belief, Defendant CIRO VERDE has power over personnel decisions at DA CIRO BROOKLYN, LLC.

16. Upon information and belief, Defendant CIRO VERDE has power over payroll decisions at DA CIRO BROOKLYN, LLC.

17. Defendant CIRO VERDE has the power to hire and fire employees at DA CIRO BROOKLYN, LLC., establish and pay their wages, set their work schedule, and maintains their employment records.

18. Upon information and belief, Defendant CIRO VERDE owns and/or operates DA CIRO BROOKLYN, LLC.

19. Upon information and belief, Defendant Jose Parra is an agent of DA CIRO BROOKLYN, LLC.

20. Upon information and belief, Defendant Jose Parra has power over personnel decisions at DA CIRO BROOKLYN, LLC.

21. Upon information and belief, Defendant Jose Parra has power over payroll decisions at DA CIRO BROOKLYN, LLC.

22.  Defendant Jose Parra has the power to hire and fire employees at DA CIRO BROOKLYN, LLC., establish and pay their wages, set their work schedule, and maintains their employment records.

23.  Upon information and belief, Defendant FRANCO BERARDUCCI is an agent of DA CIRO BROOKLYN, LLC.

24.  Upon information and belief, Defendant FRANCO BERARDUCCI has power over personnel decisions at DA CIRO BROOKLYN, LLC.

25.  Upon information and belief, Defendant FRANCO BERARDUCCI has power over payroll decisions at DA CIRO BROOKLYN, LLC.

26.  Defendant FRANCO BERARDUCCI has the power to hire and fire employees at DA CIRO BROOKLYN, LLC., establish and pay their wages, set their work schedule, and maintains their employment records.

27.  During all relevant times herein, Defendants Ciro Verde, Jose Parra and Franco Berarducci were Plaintiff's "employers" within the meaning of the FLSA and NYLL.

28.  During all relevant times herein, Defendants Ciro Verde, Jose Parra and Franco Berarducci are all amongst the top 10 members of the LLC.

29.  Defendants Ciro Verde, Jose Parra and Franco Berarducci were all given notice of their personal liability pursuant to § 609 of the LLC Law on or about April 28, 2018.

30.  Upon information and belief, DA CIRO BROOKLYN, LLC is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (I) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce

by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## **FACTUAL ALLEGATIONS**

31.     Plaintiff was employed by Defendants from October, 2015 through November, 2017.  Her primary responsibilities were as a bartender, server and other bookkeeping and miscellaneous duties.

32.     It was agreed that Plaintiff would receive 19% ownership of Da Ciro Brooklyn, LLC.  In addition, Plaintiff was to receive a salary of $1,000.00 per week.

33.     Defendants had no formal mechanism for tracking time of its employees.

34.     From May, 2016-November, 2017, Plaintiff was the only bartender and typically worked seven days per week and 14 hours per day.

35.     Despite working all of these hours, Plaintiff was paid only $5,256.34 in 2016 and $8,730.30 in 2017.

36.     For 2016, this amounted to a weekly wage of $152.80 per week for the period May-December, 2016.

37.     For 2017, this amounted to a weekly wage of $194.01 for the period of January - November 9, 2017.

38.     During her period of employment, Plaintiff worked approximately 98 hours per week.

39.     Although Plaintiff worked approximately 98 hours per week from May, 2016 - November, 2017, Defendants did not pay Plaintiff time and a half (1.5) for all hours worked over forty (40) hours per week, a violation of the overtime provisions of the FLSA and NYLL.

40.   Plaintiff was paid $1.56 per hour, well below the minimum wage established by the FLSA and NYLL for the period May - December, 2016.

41.   Plaintiff was paid $1.98 per hour, well below the minimum wage established by the FLSA and NYLL for the period January, 2017-November, 2017.

42.   Despite working over ten hours per day, seven days per week, Defendants did not pay Plaintiff an extra hour at the legally proscribed rate for "spread of hours" compensation in violation of the NYLL.

43.   In addition, Plaintiff was forced to contribute $18,127.74 of her tips to Defendants.

44.   As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory and liquidated damages in an amount exceeding $300,000.00.  Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FIRST CAUSE OF ACTION

### Overtime Wages Under the Fair Labor Standards Act

45.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

46.   Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

47.   At all times relevant to this action Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

48.   At all times relevant to this action Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

49. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of and 207(a)(1).

50. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

51. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants jointly and severally, her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

54. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law§652, in violation of 12 N.Y.C.R.R. 137-1.3.

55. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages and an amount equal to her unpaid overtime wages in the form of liquidated damages, as well as reasonable

attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## **THIRD CAUSE OF ACTION**

### **Minimum Wages Under the Fair Labor Standards Act**

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

58. At all times relevant to this action, Plaintiff was engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

59. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

60. Defendants willfully failed to pay Plaintiff a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

61. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

62. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiff's compensation.

63. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an equal amount in the form of

liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION

### Minimum Wages Under New York Labor Law

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

66. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

67. Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

68. Defendants' also failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N.Y.C.R.R. 137-1.3.

69. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an amount equal to her unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198(1-a).

## FIFTH CAUSE OF ACTION

### Spread of Hours Compensation Under New York Labor Law

70. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y.C.R.R. §142-2.4.

72. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid spread of hour compensation, reasonable attorneys' fees, and cost of the action, pursuant to N.Y. Labor Law § 663(1).

## SIXTH CAUSE OF ACTION

### Unpaid Wages Under the Fair Labor Standards Act

73. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74. Defendants willfully failed to pay Plaintiff wages for hours worked in violation of 29 U.S.C. §206(a).

75. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

76. Due to Defendants' FLSA violations, Plaintiffs entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SEVENTH CAUSE OF ACTION

### Unpaid Wages Under the New York Labor Law

77. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

79. Defendants failed to pay Plaintiff's wage and hours worked in violation of New York Labor Law Article 6.

80. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, her unpaid wages and an amount equal to her unpaid wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest according with NY Labor Law §198(1-a).

## EIGHTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

81. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

## NINTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

83. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

84. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that judgment be granted:

a.      Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b.      Awarding Plaintiff unpaid overtime wages;

c.      Awarding Plaintiff unpaid minimum wages;

d.      Awarding Plaintiff unpaid spread of hours compensation;

e.      Awarding Plaintiffs unpaid wages;

f.      Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. § 216 and New York Labor Law §§198(1-a), 663(1);

g.      Awarding Plaintiff prejudgment and post-judgment interest;

h.      Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

i.      Awarding such and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: Garden City, New York
March 6, 2019

_____/s_____

Jason L. Abelove, of counsel
Goldman & Associates, LLP
666 Old Country Road, Suite 303
Garden City, New York 11530
516-228-4321